Filed 4/27/26  P. v. Davis CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND LEE DAVIS,<br><br>    Defendant and Appellant. | C103724<br><br>(Super. Ct. No. 23F8878) |

Appointed counsel for defendant Raymond Lee Davis asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We will affirm.

## I.  BACKGROUND

In October 2023, Shasta County Sheriff Deputies observed defendant driving a truck with a boat in the back that was reported stolen.  Deputies pulled over the truck and arrested defendant.  Defendant claimed he bought the truck from J.B. for $500 and showed the deputies what appeared to be a handwritten bill of sale.  The deputies contacted J.B. who denied writing the bill of sale or giving anyone permission to take his

1

truck. J.B. said the value of the truck and boat were $3,500 and "under $950," respectively.

In November 2023, the People charged defendant with receiving stolen property (Pen. Code, § 496d, subd. (a))[1] and taking a vehicle without consent (Veh. Code, § 10851, subd. (a)). The People also alleged defendant had two prior strike convictions (§ 1170.12).

In September 2024, defendant pled no contest to receiving stolen property and admitted both prior strike convictions. In exchange, defendant "could be granted probation or up to four years in state prison." Following the plea, defendant was released from custody pursuant to a *Cruz*[2] waiver. Defendant failed to appear at sentencing in violation of the *Cruz* waiver.

Defendant was later returned to custody, and the trial court set a new sentencing hearing. Prior to sentencing, defendant made two motions to relieve counsel, which the trial court denied. The court also denied defendant's motion to dismiss the prior strikes and sentenced him to the mid-term of two years in prison for receiving stolen property, doubled to four years because of the prior strikes. The court awarded defendant 268 days of custody credits (134 actual, 134 conduct).

The trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)), a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45), and awarded $5,200 in victim restitution (§ 1202.4, subd. (f)). As to victim restitution, the court said, "[defendant's] right to a restitution hearing is reserved." The abstract of judgment does not include direct victim restitution (§ 1202.4, subd. (f)).

Defendant timely appealed and obtained a certificate of probable cause.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the filing of the opening brief. More than 30 days have elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. We have, however, found an error in the abstract of judgment that must be corrected. "All fines and fees must be set forth in the abstract of judgment." (*People v. High* (2004) 119 Cal.App.4th 1192, 1200; see *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The trial court ordered $5,200 in victim restitution (§ 1202.4, subd. (f)) but the abstract of judgment does not reflect the order.

## III.  DISPOSITION

The trial court is directed to prepare an amended abstract of judgment to include the order for direct victim restitution and to forward a copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

/S/
RENNER, J.

We concur:

/S/
HULL, Acting P. J.

/S/
BOULWARE EURIE, J.

4